FRANK A. AND SARAH WEINSTEIN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SARAH WEINSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK A. WEINSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41353–41355. Promulgated September 27, 1935.

106

*R. M. O'Hara, Esq.*, for the petitioners.
*John E. Marshall, Esq.*, and *Maurice Parshall, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined the following deficiencies in income tax and the following penalties:

|  | Docket | Year | Deficiency | Penalty |
|---|---|---|---|---|
| Frank A. Weinstein and Sarah Weinstein | 41353 | 1923 | $79,394.46 | $39,697.23 |
| Do | do | 1924 | 28,811.31 | 14,405.56 |
| Sarah Weinstein | 41354 | 1925 | 28,156.16 | 14,078.08 |
| Frank A. Weinstein | 41355 | 1925 | 28,156.16 | 14,078.08 |

In Docket 41354, the respondent in his brief admits that the determination against Sarah Weinstein for 1925 was erroneous, and concedes that " the Board may find that there is no deficiency and no penalty due by Mrs. Weinstein for 1925." This docket will therefore be closed by the entry of a judgment of no deficiency and no penalty.

In Dockets 41353 and 41355 no attempt is made by either petitioner to set aside or disprove on the merits the Commissioner's determination as to the tax deficiency. Sarah Weinstein, however, urges that as to her there is no liability for 1923 because, (1) the return was not shown to be a joint return to which she was a party, so as to impose upon her any joint or several liability; and, (2) the statutory four year period of limitation had expired as to her before the notice of deficiency, a waiver signed by Frank Weinstein, which extended the period, being ineffective as to her. Frank, for all years, urges that the penalties can not be sustained because the respondent has not proved the fraud, as the statute requires him to do, section 907 (a), Revenue Act of 1924, as amended by section 601, Revenue Act of 1928.

The Commissioner, for 1923 and 1924, determined joint deficiencies upon joint returns. Petitioners now admit the correctness of this as to 1924, but the wife disputes it for 1923. In their joint petition and amended petition for both 1923 and 1924, separately verified by each, they expressly allege that they filed joint returns for both years. The allegation is admitted in respondent's

answer. This made further proof on the subject unnecessary. We therefore find as a fact that the petitioners were husband and wife who, for 1923, filed joint returns. Both are therefore jointly and severally liable thereunder. *Joseph Carroro*, 29 B. T. A. 646.

■ The wife contends that as to 1923 any liability which she might have had has lapsed because as to her the statutory period of limitation of four years prescribed by Revenue Act of 1926, section 277, expired on March 25, 1928, before the determination of the deficiency or any assessment was made. She argues that a waiver given by the husband alone, which amply extended the time as to him, may not be held effective as to her. This question, however, is only significant if the return is not false or fraudulent with intent to evade tax. For, by section 278 (a), Revenue Acts of 1924 and 1926, and section 276, Revenue Act of 1928, "in the case of a false or fraudulent return with intent to evade tax * * * the tax may be assessed at any time." Thus it must first be decided whether these returns were fraudulent; and, if so, there is no statute of limitations and no occasion for a waiver. The provision for an unlimited period for assessment is, by the terms of the statute, an impersonal provision applying to the situation arising from a fraudulent return. As to Frank, who signed a waiver, and Sarah, who did not, the assessment upon a fraudulent return may be made at any time.

■ After fully considering all of the evidence, we can not reasonably escape the finding of fact that the joint returns of 1923 and 1924 and the separate return of Frank for 1925 were false and fraudulent, with intent to evade tax, and we so find. This finding relieves the Commissioner of any statute of limitations upon assessment. We also find, as provided in section 275 (b), Revenue Acts of 1924 and 1926, and section 293 (b), Revenue Act of 1928, that the deficiency, or a substantial part thereof, for each year is due to fraud with intent to evade tax. This finding requires the assessment of an additional amount equal to 50 per centum of the deficiency, and sustains the respondent's determination.

The petitioners tacitly, through their deliberate failure to contest, admit that the Commissioner's determinations of their omissions from gross income and overstatements of deductions resulting in understatements of taxable net income are correct. These understatements were not trivial, but substantial. They were gross understatements. For 1923, net income shown on the return was $23,-624.07; the correct net income was determined to be $237,129.95. For 1924, the return stated net income at $39,975.94; the correct net income was determined to be $123,783.10. For 1925, the return stated a loss of $22,035.98; the respondent determined net income of $178,964.67.

Without narrating the evidence in detail, all of which was introduced by respondent in recognition of the burden of proof imposed upon him by the statute, it shows that for each year the returns were incorrect to such an extent and in respect of items of such character and magnitude as to compel the conclusion that the falsity was known and deliberate; such as the understatement or complete omission of profits on specific transactions in real property, gross overstatement of merchandise costs and operating expenses, and deduction of fictitious losses. If these items of falsity were in any way explainable, the petitioners chose not to produce the explanation or exculpatory circumstances. The evidence is sufficient to establish affirmatively an intent by a false return to evade tax.

> *Judgment will be entered for respondent in Dockets 41353 and 41355 for the deficiencies and penalties, and for petitioner in Docket 41354.*