Delores A. de Garcia v. Commissioner. Alfredo Garcia and Delores A. de Garcia v. Commissioner. Alfredo Garcia v. Commissioner.
de Garcia v. Commissioner
Docket Nos. 20326, 20327, 20328.
United States Tax Court
1951 Tax Ct. Memo LEXIS 356; 10 T.C.M. (CCH) 59; T.C.M. (RIA) 51016; January 17, 1951, Decided *356 Petitioners, husband and wife, residing in a community property state, with full knowledge they had received large amounts of income during the taxable years, grossly understated such income in their Federal income tax returns filed for such years. Held, the returns were false and fraudulent with intent to evade tax. Robert H. Kinderman, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion RICE, Judge: The Commissioner determined deficiencies in income tax for 1942, 1944, and 1945, income and victory tax for 1943, and penalties as follows: Docket
Year
Deficiency
Penalty
Delores A. deGarcia
20326
1945
$15,397.17
$ 7,698.59
Alfredo Garcia and Delores A. deGarcia
20327
1942
4,020.08
2,010.04
Alfredo Garcia and Delores A. deGarcia
20327
1943
37,600.33
18,800.17
Alfredo Garcia and Delores A. deGarcia
20327
1944
22,960.62
11,480.31
Alfredo Garcia
20328
1945
15,397.18
7,698.59
*357 Since neither petitioner appeared, either personally or by representation, the court granted a motion for default due to lack of prosecution for the amounts of the deficiencies determined by respondent. The sole issue left is whether the 50 per cent fraud penalties determined by respondent should be sustained. Findings of Fact Petitioners, Alfredo Garcia and Delores A. de Garcia, were, during the years 1942 through 1945, husband and wife, residing at Calexico, California. Both are Mexican nationals, but they have resided in the United States for at least the past 23 years. Joint income tax returns, signed by both, were filed for the years 1942 through 1944. Separate income tax returns were filed for the year 1945. All returns were filed with the collector of internal revenue at Los Angeles, California. Each return listed Alfredo's business as "trucking." The reported net income and the net income determined by respondent is shown in the following table: Reported
Actual
Year
Net Income
Net Income
Alfredo Garcia and Delores A. deGarcia
1942
$3,207.27
$17,925.19
Alfredo Garcia and Delores A. deGarcia
1943
2,472.82
68,115.87
Alfredo Garcia and Delores A. deGarcia
1944
3,106.79
48,693.91
Alfredo Garcia
1945
3,443.81
34,994.13
Delores A. deGarcia
1945
3,443.80
34,994.12
*358 While only income from "trucking" was recorded, investigation by Bureau of Internal Revenue agents disclosed that Alfredo was earning many times the reported amount in other business activities. The only additional income which was included in the deficiency notice was that received by sale of fish and fish products. A thorough investigation by the agents showed that Alfredo was a large importer through the port of entry at Calexico, California, of fish caught by Mexican fishermen in the Gulf of California, during the years 1942 through 1945. The fish, after importation into the United States, were transported in Alfredo's trucks and sold by him to various fish brokers, dealers, and wholesalers in and around Los Angeles, California. Checks in payment for the fish were made out to one or both of the petitioners, or to the truck drivers at the direction of petitioner. The petitioners were uncooperative in dealing with the agents. Alfredo promised to obtain his books and records so that the agents could examine them, but failed to do so. As a result, the agents contacted wholesalers, dealers and brokers for fish in the Los Angeles area to determine the quantity of fish and fish products *359 sold to them by Alfredo during the taxable years in question. Original cancelled checks and photostatic copies of money orders and cashier's checks given in payment for purchases from Alfredo were obtained by the agents. Photostatic copies of ledger accounts for Alfredo in the books of one of the fish dealers were also obtained. Summary of proceeds received by petitioners from the sale of fish and fish products during the taxable years herein involved, from the noted firms or persons, is as follows: Buyer
1942
1943
1944
1945
John M. Ford
$ 1,375.50
$ 7,195.62
$23,544.02
$14,326.73
M. M. Blumenthal
63,400.69
90,489.42
35,317.30
87,155.13
A. J. Musante
6,544.72
31,888.59
Long Beach Fish Co.
4,349.60
3,625.97
3,015.85
39,554.62
Victor Carascoso
18,219.80
Delta Sea Food Co.
2,200.00
Standard Fisheries Co.
39,753.71
An accountant prepared the Federal income tax returns of the petitioners from California transportation tax returns filed by them for the purpose of reporting state transportation tax due from the trucking operations. The information for the 1945 Federal income tax returns of the petitioners was given *360 the accountant by Delores. The only income which she furnished him for 1945 was that derived from the trucking business. When asked whether they had any other income, since they would have to record it, Delores informed him that there was none. The only United States bank account discovered by the examining agents was a checking account in the name of Delores. Many of the checks in payment for the fish were deposited in this account. Delores endorsed those made out to her and also some of those made out to Alfredo through a power of attorney from him. She also cashed large checks and then took the money into Mexico. Since petitioner spent a great deal of his time away from Calexico or Mexicali (Mexicali adjoins Calexico on the Mexican side), persons wishing to contact him for business purposes often would deal with or work through Delores. The examining agents also did much of their work through her, and found that she knew of and understood his business activities. A restaurant in Mexicali, Mexico, was in the name of Delores. She operated both this restaurant and a flower shop located there. The respondent made no attempt to include any income received from either of these two *361 shops in its deficiency notices, because of the difficulty in obtaining the necessary legal proof. From all the evidence we find that Delores understood and knew of the nature of petitioner's business. The Federal income tax returns filed for the years 1942 through 1945 by petitioners were false and fraudulent with intent to evade tax. Opinion Petitioners, by their failure to contest the case at the trial, have tacitly admitted that the deficiencies assessed by respondent were correct and that they had received that amount as income through each of the taxable years in question. Frank A. Weinstein, 33 B.T.A. 105 (1935). The sole issue is whether the omission of such amounts from their income tax returns was made with a fraudulent intent to evade taxes. A person filing a Federal income tax return has a duty to give a true and accurate statement of all income he has received for the year in question. National City Bank of New York, Executor, 35 B.T.A. 975 (1937), affd., 98 Fed. (2d) 93, CCA-2 (1938); Harry Feldman, 34 B.T.A. 517 (1936). Where large amounts of income are not reported, failure to do so, if not actually constituting *362 fraud, is at least substantial evidence which tends to establish fraud. Arlette Coat Co. Inc., et al., 14 T.C. 751 (1950); Estate of Joseph Nitto, et al., 13 T.C. 858 (1949); Russell C. Mauch, et al., 35 B.T.A. 617 (1937); affd., 113 Fed. (2d) 555, CCA-3 (1940); Harry Feldman, supra; M. Rea Gano, 19 B.T.A. 518 (1930). The burden of proof in such cases rests upon the Government and must be clear and convincing of such intent. In this case, respondent has adequately borne that burden. There is abundant oral evidence and numberous exhibits indicative of the fact that petitioners received large amounts of income which they knew they had received but failed to report. Not only did they fail to report the income, but they also failed to list the fact that they were engaged in any business other than "trucking" when they filed their returns. Such a failure could not have been due to gross negligence, but must have been predicated on a fraudulent intent to evade tax. Since the period of assessment is unlimited in fraud cases, no question relating to the statute of limitations is involved. Internal Revenue Code, Section 276 (a) *363 . Delores is just as guilty of the fraud as is her husband. This is not only true of the joint returns filed for 1942, 1943 and 1944, where, under section 51 (b) of the Internal Revenue Code, persons filing a joint return are jointly and severally liable, but also true of the separate returns filed in 1945. While the income with which the deficiencies are concerned was that earned by petitioners, under the laws of California the proceeds from the fish sales, as well as from the trucking operations, were community property. California Civil Code, §§ 161 (a), 687. Thus, one-half of the proceeds constituted income belonging to Delores. She failed to report that part of the income which was from the sale of fish. From all the evidence in the case, she knew of this income and failed to report it, even after a direct question concerning any income other than from the trucking operations asked by an accountant while preparing the returns. Since at least part of each deficiency determined by respondent for the years 1942 through 1945 was occasioned by a fraudulent intent to evade tax, the 50 per cent penalty is sustained. Decision will be entered for the respondent. *364